IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRUCE MILLS AND DEBORAH MILLS, § § |
|     PLAINTIFFS § |
| § |
| V § CIVIL ACTION NO. 5:23-CV-00039 |
| § |
| STATE FARM LLOYDS § |
|     DEFENDANT § |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

*Procedural Background*

1. On December 1, 2022, Plaintiffs Bruce Mills and Deborah Milles filed their Original Petition in Cause No. 2022-CI-23315 in in the 407th Judicial District Court of Bexar County, Texas[1].

2. Service of suit upon State Farm's registered agent occurred on December 12, 2022.[2]

3. On January 3, 2023 State Farm timely answered.[3]

4. State Farm now timely files this Notice of Removal within thirty (30) days of service of suit.

---

[1] *See* Exhibit A, Plaintiff's Original Petition at page 1.
[2] *See* Exhibit A, 1st page of Notice of Service of Process.
[3] *See* Exhibit A, 1st page of State Farm's Original Answer.

1 | P a g e

2 | P a g e

*Nature of the Suit*

5. This lawsuit involves a dispute over State Farm's handling of Plaintiffs' insurance claim for damages allegedly caused by a storm event occurring on or about April 29, 2021 at Plaintiffs' property located at 211 Redbird Song, San Antonio, TX 78253. Plaintiffs assert causes of action against State Farm for breach of contract, noncompliance with the Texas Insurance Code, violations of the Deceptive Trade Practices Act and breach of the duty of good faith and fair dealing and common law fraud. Plaintiff currently seeks to recover actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, treble damages, statutory damages, exemplary damages, attorneys' fees and costs of court.

*Basis for Removal*

6. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Original Petition asserts Plaintiffs are seeking monetary relief of "$250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." [4]

7. Upon information and belief, Plaintiff was a citizen of Texas when her Petition was filed and continues to be a citizen of Texas.

8. Defendant is informed and believes that Plaintiffs are citizens of the State of Texas based on statements contained in Plaintiffs' Original Petition and the following. In determining citizenship, a Court may look at where a person exercises civil and political rights, pays taxes, and owns real and personal property. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Plaintiffs owns a single-family residence at 211 Redbird Song, San Antonio, Texas 78233.[5] According to the

---

[4] *See* Exhibit A, Plaintiff's Original Petition, at page 2.
[5] This is the current information on the Bexar County Appraisal District's website. **Exhibit B.**

Appraisal District's website printout, the property has a homestead exemption which indicates it is Plaintiffs' homestead. The property also has taxes which must be paid by the owner. The last change in ownership was to the Plaintiffs, thus, according to this record, they still own the property, are liable for taxes on the property and it is their homestead. This is all evidence the Court should look to when examining a person's citizenship. *Id.* In doing so, all of these factors indicate the Plaintiffs are citizens of Texas.

9.     At the time Plaintiff's Original Petition was filed in State District Court on December 1, 2022 naming State Farm Lloyds as Defendant, and as of the date of filing this Notice, State Farm Lloyds was and is not a citizen of the State of Texas for diversity jurisdiction purposes.[6] State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).[7] At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the underwriters were and are domiciled in Illinois[8]. Specifically, all underwriters are residents of Illinois, employed in Illinois, and are intending to remain domiciled in Illinois during their time as an underwriter for State Farm Lloyds.[9] Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen.

---

[6] *See* Exhibit C, Affidavit of Weslie Sawyer; *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiff is completely diverse.")
[7] *See* Exhibit C, Affidavit of Weslie Sawyer.
[8] *Id.*
[9] *Id.*

10. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff made a pre-suit demand to State Farm for the sum of $85,255.00. Plaintiff's demand further noted that if the payment was not made, the demand would be withdrawn and the new demand after suit was commenced would be $253,765.00 which will include damages for bad faith, violations of the insurance code as well as attorney fees and interest."[10] Consistent with the amount sought in the Petition for various causes of action which are detailed more specifically below, and the damages alleged with those causes of action, along with payments already made to Plaintiff, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

12. In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[11] Here, Plaintiffs' claim severe weather caused damage to their property that Plaintiffs' insured

---

[10] Plaintiff asserted actual damages in the amount of $84,255.00 and an additional $1,000.00 for legal fees. *See* Exhibit F, Plaintiff's Demand Letter.

[11] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).

through State Farm Lloyds.[12]  Plaintiff seeks damages for State Farm's alleged failure to pay what was owed under the terms of Plaintiffs' insurance contract.[13]

13. In addition, Plaintiffs seek actual damages and statutory interest penalties.[14] Plaintiff also seeks attorney fees for bringing this suit.[15]  Thus, given the plain language of the pleading, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

14. Based on the Policy's coverage limits, and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

15. State Farm was first served with Plaintiffs' Original Petition in District Court on December 12, 2022.  Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

16. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

17. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

18. Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

---

[12] *See* Exhibit A, Plaintiff's Original Petition, at pages 2-5.
[13] *See* Exhibit A, Plaintiff's Original Petition, at pages 2-5.
[14] *See* Exhibit A, Plaintiff's Original Petition, at pages 11-13.
[15] *See* Exhibit A, Plaintiff's Original Petition, at page 11-13.

19. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 407th Judicial District Court for Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 407th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

**Respectfully submitted,**

**PAUL GARCIA & ASSOCIATES**
6243 W IH-10, Suite 808
San Antonio, Texas 78201
T: (210) 340-1818
F: (210) 340-4073
E: service@pgtxlaw.com

*/s/ Paul Garcia*
PAUL GARCIA
State Bar No. 00798199
CLARKSON F. BROWN
State Bar No. 00798082
SELA A. GARCIA
State Bar No. 24123175
**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the 9th day of January 2023, addressed to those who do not receive notice from the Clerk of the Court as follows:

*Served via: e-mail and e-mail message generated by the CM/ECF E-Filing system on:*

Katherine C. Hairfield/Shaun W. Hodge
THE HODGE LAW FIRM, PLLC
1301 Market St.
Galveston, TX 77550
khairfield@hodgefirm.com; shodge@hodgefirm.com
**ATTORNEYS FOR PLAINTIFFS
BRUCE MILLS AND DEBORAH MILLS**

*Paul Garcia*
PAUL GARCIA